REUBEN L. NOCOS, ESQ. SBN 238011
Nocos Law Firm, A Professional Corporation
693 Veterans Boulevard, Suite 1
Redwood City, CA 94063
Phone  (650) 284-0455
Fax     (650) 366-4430


OXANA KOZLOV, ESQ. SBN 209210
Law Offices of Oxana Kozlov
649 Dunholme Way
Sunnyvale, CA 94087
Telephone:    (408) 431-4543
Facsimile:    (650) 887-2135


Attorneys for Debtors
HIGINO S. GOMEZ III and URDUJA GOMEZ,

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re HIGINO S. GOMEZ III and URDUJA GOMEZ,<br><br>                         Debtors<br><br>HIGINO S. GOMEZ III, URDUJA GOMEZ,<br><br>                         Plaintiffs,<br><br>     vs.<br><br>GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION; and all persons or entities unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in this Complaint adverse to Plaintiffs' title thereto, and DOES 1 through 100, inclusive,<br><br>                       Defendants. | Case No.: 31184DM<br><br>Chapter 13<br><br>Adversary Proceeding No.<br><br>ADVERSARY COMPLAINT FOR:<br><br>1. Quiet Title<br>2. Set Aside Sale<br>3. Cancel Trustee's Deed<br>4. Wrongful Foreclosure |

1

Complaint

This adversary proceeding complaint (the "Complaint") is brought by Debtors and Plaintiffs, HIGINO S. GOMEZ III and URDUJA GOMEZ ("Plaintiffs") pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure ("FRBP") to recover property, determine validity of the interest in property and for declaratory and injunctive relief. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(2)(K). This District is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

## PARTIES AND OTHER RELEVANT ENTITIES

1. At all times relevant herein, Plaintiffs, HIGINO S. GOMEZ III and URDUJA GOMEZ ("Plaintiffs") have been married and residents of the City of San Bruno, County of San Mateo, State of California. At all times relevant herein are equitable owner of real property located at 233 Boardwalk Avenue #D, San Bruno, California 94066 ("Subject Property"). The Subject Property is further described as Assessor's Parcel Number 101-490-280-1.

2. Plaintiffs are Trustors of a Deed of Trust purportedly executed on August 14, 2006 and recorded on August 24, 2006 ("Deed of Trust"). A true and correct copy of the Deed of Trust recorded with the San Mateo County Recorder's Office is attached hereto as **Exhibit A.**

3. GREENPOINT MORTGAGE FUNDING, INC. is a New York business entity, form unknown, purporting to be authorized to conduct business in the State of California ("GREENPOINT"). GREENPOINT's headquarters are located in 100 Wood Hollow Drive Novato, California, 94945. GREENPOINT's agent for service of process in California, as registered with the Secretary of State is Corporation Service Company Which Will Do Business in California as CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833. GREENPOINT is identified as the "Lender" on the Deed of Trust. Plaintiffs are informed and believe, and on that basis allege that GREENPOINT was the

2

Complaint
Case: 10-03077    Doc# 1    Filed: 05/27/10    Entered: 05/27/10 20:05:32    Page 2 of 12

nominal lender that funded the loan and sold the Deed of Trust and promissory note secured by the Deed of Trust to another entity in a securitized transaction.

4. MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC. ("MERS") is a Delaware corporation purportedly acting as a nominee/beneficiary for the Lender on the Deed of Trust. MERS is listed as the "Beneficiary" under the Deed of Trust. Plaintiff is informed and believes, and on that basis alleges that MERS is not authorized to conduct business in the State of California. Plaintiff is informed and believes and on that basis alleges that MERS is not registered with the Secretary of State of California and may not, therefore, transact business in the state of California. Plaintiff is informed and believes and upon such information and belief alleges MERS does not create evidence of debt of mortgages, liens or security interests on real or personal property and is not a foreign lending institution. Instead, Plaintiff is informed and believes and upon such information and belief alleges MERS sells a variety of services to mortgage loan originators and lenders who have or are doing business in the State of California including the "registration" of mortgage loans originated or funded by such parties. MERS is not and has never provided consideration to Plaintiff or, based upon Plaintiff's information and belief, to any borrower in the state of California and thus MERS could never properly be the beneficiary under any California Deed of Trust. Further, MERS has sold and continues to sell its services and charge "members" for such services in the state of California. Plaintiff alleges the sale of such services including "memberships" constitutes intrastate business and, accordingly, Plaintiff alleges MERS is required by California law to be registered with the Secretary of State of California and that any actions it has taken in the state of California are without legal force or effect.

5. Defendant GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION ("GMAC") is a Delaware business entity, form unknown, purporting to be authorized to conduct business in the State of California. GMAC's agent for service of process in California, as registered with the Secretary of State is Corporation Service Company Which Will Do Business in California as CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833. On information and belief, Plaintiffs allege that Defendant GMAC was the servicer of the loan with GREENPOINT. GMAC claims to have title to the Subject Property by virtue of a Trustee's Deed Upon Sale recorded on December 14, 2009

("Trustee's Deed Upon Sale"). A true and correct copy of the Trustee's Deed Upon Sale recorded with the San Mateo County Recorder's Office is attached hereto as **Exhibit B**.

6. ETS SERVICES, LLC. ("ETS") is a Delaware business entity, form unknown, purporting to be authorized to conduct business in the State of California. ETS's agent for service of process in California, as registered with the Secretary of State is Corporation Service Company Which Will Do Business in California as CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833. ETS claims to be the Trustee under the Deed of Trust by virtue of a Substitution of Trustee, purportedly executed by Donna Fitton, Assistant Secretary for MERS and recorded with the San Mateo County Recorder's Office on March 18, 2009. A true and correct copy of the Substitution of Trustee recorded with the San Mateo County Recorder's Office is attached hereto as **Exhibit C**.

7. The Defendants named herein and all persons or entities named and unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in this Complaint adverse to Plaintiffs' title thereto and DOES 1-100 (hereinafter sometimes referred to as "the unknown Defendants") are unknown to Plaintiffs. These DOE Defendants, and each of them, claim some right, title, estate, lien or interest in the Subject Property hereinafter described adverse to Plaintiffs' title and their claims, and each of them, constitute a cloud on Plaintiffs' title to the Subject Property.

## FACTUAL ALLEGATIONS

9. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

10. On or about August 14, 2006, Plaintiffs for valuable consideration, made, executed and delivered to GREENPOINT a Promissory Note ("Note") for the Subject Property in the amount of $304,000.00.

11. In connection with the Note, GREENPOINT prepared and tendered to Plaintiffs, along with the other loan documents it prepared and tendered as part of the first loan, Deed of Trust. The Deed of Trust identifies GREENPOINT as "Lender," and MERS as "Beneficiary" of the Deed of Trust. As stated in the Deed of Trust, MERS is "a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS thus is the nominee (agent) for beneficiary under this Security Instrument.** MERS is organized and existing

under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint MI 48501-2026, tel. (866) 679-MERS."

12.     On March 18, 2009, ETS and MERS caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") in the Official Records of San Mateo County.  A true and correct copy of the Substitution of Trustee recorded with the San Mateo County Recorder's Office is attached hereto as **Exhibit D**.  The Notice of Default states that Plaintiffs were behind on their mortgage payments, thus "the present beneficiary under such deed of trust has executed and delivered to said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby."  At no time was MERS the creditor or the true beneficiary under the Note.

13.     On the same day, ETS caused to be recorded the Substitution of Attorney in the Official Records of San Mateo County.  The Substitution of Attorney indicated that MERS was the "present Beneficiary under said Deed of Trust."  This is yet another misrepresentation because MERS has never been the "present beneficiary", just a nominee for the original beneficiary (Greenpoint), which right could not be transferred to assignees of the beneficial interest.

14.     On June 22, 2009, ETS caused to be recorded a Notice of Trustee's Sale scheduling the Trustee's Sale on July 15, 2009.  A true and correct copy of the Notice of Trustee's Sale recorded with the San Mateo County Recorder's Office is attached hereto as **Exhibit E**.

15.     In July 2009, Plaintiffs, through a third-party legal representative negotiated a loan modification with GMAC.  GMAC representatives put Plaintiffs in a trial modification plan wherein Plaintiffs were required to pay GMAC $1,240.00 each month until a permanent modification plan was finalized.

16.     From July 2009 through November 2009, Plaintiffs tendered $1,240.00 each month to GMAC through Western Union.  On or about November 17, 2009, Plaintiffs informed by Western Union that the last payment of $1,240.00 was declined.

17.     On November 26, 2009—Thanksgiving Day in 2009—GMAC wrote to Plaintiffs informing them that the plan that was established was cancelled because the "payment was not

5

Complaint

received by the payment due date as specified in the signed repayment agreement." The letter was not received until the first week of December. However, another representative from GMAC represented that Plaintiffs were denied a loan modification because Plaintiffs fail to submit updated financial information. Attached hereto as **Exhibit F** is a true and correct copy of the November 26, 2009 correspondence.

18. On November 30, 2009, the Subject Property was sold at the Trustee's Sale. On December 14, 2009, GMAC and ETS caused to be recorded the Trustee's Deed upon Sale, which indicated that GMAC was the "Grantee Herein" and that ETS, "as Trustee … GRANT and CONVEY to" GMAC the Subject Property. ETS and GMAC also falsely indicated on the Trustee's Deed upon Sale that GMAC was the "The Foreclosing Beneficiary." This is effectively nullified by the Grantee/Grantor Index of the San Mateo County Recorder's Office *as there is no assignment of the Deed of Trust to GMAC or any other document recorded that evidences GMAC was assigned the Deed of Trust or became the Beneficiary*. Attached hereto as **Exhibit G** is a true and correct correspondence from Theresa Rabe, Deputy Assessor-County Clerk Recorder for San Mateo County.

19. GMAC now claims to have title to the Subject Property and is evicting Plaintiffs. An unlawful detainer Complaint was filed against Plaintiffs by GMAC in San Mateo County Superior Court, Case No. CLJ200755.

20. Plaintiffs are informed and believe, and on that basis allege that GMAC purchased the Subject Property through a credit bid based on the fact that it was allegedly the foreclosing beneficiary. However, GMAC was not at the time of the auction, and never was, a beneficiary under the Deed of Trust or Note. Therefore, the credit bid purchase of the Subject Property was fraudulent and in violation of California law.

21. GMAC also filed a Relief from Stay motion with this Court to allow it to continue with the unlawful detainer action (RF No: LHL-022). GMAC's purported right to seek relief from stay is based on the Trustee's Deed Upon Sale, which is invalid.

## FIRST CAUSE OF ACTION
### Quiet Title

22. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

6

Complaint
Case: 10-03077    Doc# 1    Filed: 05/27/10    Entered: 05/27/10 20:05:32    Page 6 of 12

23. Plaintiffs had been the rightful owners of the Subject Property prior to the unlawful foreclosure. They claim that the foreclosure was unlawful and thus they still have right to claim title and interest in the Subject Property. Plaintiffs seek to quiet title against the claims of Defendant GMAC, which GMAC asserted by and through its purchase of the Subject Property at the auction. In fact, GMAC had no right to title or interest in the Subject Property and no right to entertain any rights of ownership including demanding possession or filing cases for unlawful detainer. There is an unexplained broken chain of ownership of the Deed of Trust and Promissory Note. Even though the Trustee's Deed upon Sale might raise a presumption that GMAC is the real party in interest to foreclose on the Subject Property and seek a relief from stay in this bankruptcy case, such presumption is easily rebuttable in this case. ***THERE IS NO ASSIGNMENT OF THE DEED OF TRUST FROM ORIGINAL LENDER GREENPOINT TO THE ALLEGED NEW BENEFICIARY GMAC RECORDED AGAINST THE SUBJECT PROPERTY***.

24. Further, Defendant's claims are without any right, and Defendant has no title, estate, lien, or interest in the Subject Property in that purported power of sale contained in the Deed of Trust is of no force and effect because it is void *ab initio* and because of GMAC's non-compliance with the recording and non-judicial foreclosure statutes. Since GMAC has no title, estate, lien, or interest in the Subject Property, GMAC has no standing to bring a relief from stay action with this Court and any attempt to obtain such relief from stay to continue the unlawful eviction action is in fact unlawful.

25. Plaintiffs desire and are entitled to a judicial declaration that Defendant GMAC has no standing to seek relief from stay in Plaintiffs' bankruptcy case and judicial declaration quieting title in Plaintiffs as of the filing of this Complaint. Plaintiffs respectfully submit to this Court that they are able and willing to provide adequate protection in the amount they had been paying under the loan modification plan prior to the time when the unlawful foreclosure took place ($1,240.00).

## SECOND CAUSE OF ACTION
### Set Aside Sale

26. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

27. Defendant GMAC claims to be the owner of the Subject Property and thus claims to have standing to seek relief from stay by virtue of a Trustee's Deed upon Sale purportedly recorded with the San Mateo County Recorder's Office on December 14, 2009.

28. Plaintiffs allege herein that neither MERS nor GMAC was the true beneficiary of the Deed of Trust when the Notice of Default was executed and recorded and the initiation of the non-judicial foreclosure because there was no Assignment of Deed of Trust recorded or executed. In fact, the "current beneficiary" is an unascertained person particularly in view of the actual documents recorded none of which were executed by any actual beneficiary of the Deed.

29. Plaintiffs hereby allege that GMAC is not the holder in due course of the note executed by them pursuant to the provisions of Articles 3 or 9 of the California Commercial Code.

30. Since GMAC is not and was not the holder in due course of the Promissory Note it had no authority pursuant to California Civil Code section 2924(a)(1)(C) to state a default existed under the Note or the Deed of Trust which purportedly secured such Note at the time of the alleged default. Thus, the Notice of Default, and all subsequent documents recorded to purportedly effectuate the foreclosure proceedings of the Subject Property were void *ab initio*.

31. At the time of the recording of the Notice of Default GMAC was not a true beneficiary, and therefore GMAC had no beneficial interest to the Deed of Trust and Note and could not make the proper election and declaration of default pursuant to California Civil Code section 2924(a)(1)(C). Plaintiffs allege that as a result, the Notice of Default was void *ab initio*.

32. Accordingly, Plaintiffs request the court make a finding and issue appropriate orders stating that GMAC, at the time of the recordation of the Notice of Default and subsequent Notice of Trustee's Sale, had or has any right or interest in the Note, Deed or the Property which authorized them, in fact or as a matter of law, to record such instruments, that the trustee's sale was improperly held and that the sale be set aside.

33. Plaintiffs should not required to offer a tender of the obligation since the documents executed and recorded were void *ab initio*.

## THIRD CAUSE OF ACTION

### Cancel Trustee's Deed

34. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

8

Complaint

Case: 10-03077    Doc# 1    Filed: 05/27/10    Entered: 05/27/10 20:05:32    Page 8 of 12

35. Defendant GMAC claims an estate or interest in the Subject Property adverse to that of Plaintiff, but Defendant GMAC's claims are without any right; GMAC has no estate, right, title, or interest in the Subject Property.

36. The claims of GMAC are based on the Trustee's Deed upon Sale, purporting to convey the Subject Property to GMAC by ETS.

37. Although the Trustee's Deed upon Sale appears valid on its face, it is invalid, void and of no force or effect regarding Plaintiff's interest in the Subject Property for the reasons set forth herein – there is a break in chain of Deed of Trust assignments from the original Note holder Greenpoint to GMAC. Such defect is not curable after the foreclosure sale took place.

38. The interest in the Subject Property claimed by GMAC based on the void and invalid Trustee's Deed, is a cloud on Plaintiffs' title in and to the Subject Property, restricts Plaintiffs' use and enjoyment of the Subject Property, and hinders Plaintiffs' right to unrestricted alienation of it. Plaintiffs have already suffered injury in that they have been given served with unlawful detainer Complaint and are being threatened with an eviction from the Subject Property. If the Trustee's Deed is not delivered and cancelled, there is a reasonable fear that Plaintiffs will continue to suffer serious injury.

## FORTH CAUSE OF ACTION

### Wrongful Foreclosure

39. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

40. California Civil Code §§ 2924 through 2924(k) provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust. This comprehensive statutory scheme has three purposes: ***(1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser.*** The foreclosure proceedings at issue fail on all three prongs.

41. The non-judicial foreclosure was not conducted by a true creditor/beneficiary and thus the first prong was not satisfied. In addition, these proceedings did not ensure that the conducted sale was final and conclusive as to a potential bona fide purchaser, which is required by the third prong.

42. The foreclosure sale at issue was not conducted properly under the current statutory regime and the terms of the Deed of Trust. Thus, such an improper foreclosure would be in violation of the third prong and in addition definitely result in wrongful loss of property, from which debtor/trustor shall be protected as provisioned in second prong. Needless to say, protection of debtor (Plaintiffs) from wrongful loss of the Subject Property was not even in the cards as Defendant could not care less about Plaintiffs' interests and, moreover, made everything possible to hide the true beneficiary from the Plaintiff and deter her from establishing direct contact and/or asserting any meaningful defenses against the true beneficiary.

43. Defendant along with its accomplices MERS and ETS were not the proper parties and were and are not authorized to initiate and conduct the foreclosure sale at issue under California law. California Civil Code § 2924c provides that, among other things, a proper Notice of Default shall contain the contact information for the current beneficiary or mortgagee of the loan: California Civil Code § 2924f requires that the Notice of Sale contain "the name and address of the beneficiary at whose request the sale is to be conducted." Further, California Civil Code § 2932.5 governs the power of sale under an assigned mortgage, and provides that the power of sale can vest in a person entitled to money payments by way of assignment only if *if the assignment is duly acknowledged and recorded*.

44. Plaintiff further points out that the foregoing California sections governing non-judicial sale shall be strictly construed. Read together, these sections are clearly meant to protect borrower/consumer rights by introducing certain transparency requirements. In other words, compliance with these sections assures that the real party in interest (who really suffers an injury from borrower's failure to pay) is known to the borrower.

45. The Notice of Default at issue provides contact information for MERS. There was no recorded assignment of the Deed of Trust to GMAC at the time of the recording of the Notice of Default although it claims to be "foreclosing beneficiary." In addition, as there are unrecorded assignments of the Deed of Trust, it is not clear who is the true beneficiary or who the current assignee under the Deed of Trust might be.

46. MERS is not and cannot be a true beneficiary or a party "entitled to payment of the money secured by the instrument." As alleged above MERS does not create evidence of debt of mortgages, liens or security interests on real or personal property and is not a foreign lending institution. MERS sells a variety of services to mortgage loan originators and lenders who have

10

Complaint
Case: 10-03077    Doc# 1    Filed: 05/27/10    Entered: 05/27/10 20:05:32    Page 10 of 12

or are doing business in California including the "registration" of mortgage loans originated or funded by such parties. MERS is not and has never provided consideration to Plaintiff or, based upon Plaintiff's information and belief, to any borrower in the state of California and thus MERS could never properly be the beneficiary under any California Deed of Trust.

47. Plaintiff further alleges that MERS has sold and continues to sell its services and charge "members" for such services in the state of California. Plaintiff alleges the sale of such services including "memberships" constitutes intrastate business and, accordingly, Plaintiff alleges MERS is required by California law to be registered with the Secretary of State of California and that any actions it has taken in the state of California are without legal force or effect. Accordingly, any action by MERS is void and without effect such as assigning a Deed of Trust or declaring a default pursuant to California Civil Code section 2924(a)(1)(C).

48. Defendants must also establish the Deed of Trust assignments. If there is no proper chain of assignment of the Promissory Note can be demonstrated by showing an original fully and properly endorsed Note, no proper assignment of "the instrument intended to secure the payment of money" took place in any event. It is a well established law, pursuant to California Civil Code section 2936 that a secured promissory note traded on the secondary market remains secured only because and as long as the mortgage follows the note.

49. The power of sale may not be exercised by Defendant GMAC since it is not true holders of the Note and did not comply with California Civil Code recording and non-judicial sale requirements.

50. To compound the matter, ETS is not authorized to initiate and conduct the foreclosure sale of the Subject Property under a power of sale because there was no proper substitution of trustee. MERS did not have any authority to execute the Substitution of Trustee at issue at the time it was executed and recorded. California Civil Code § 2934a provides in that only all beneficiaries under the deed of trust or their successors in interests or holders of more than 50 percent of the notes secured by the property can substitute the trustee.

51. Neither MERS nor GMAC was one of the above at the time of the recording of the Notice of Default and Substitution of Trustee. GMAC's status as purported assignee is also void since the Deed of Trust is void *ab initio* and MERS was not authorized to make such an assignment. The Substitution of Trustee is null and void and the foreclosure proceedings are defective and wrongful.

**PRAYER**

1. For a declaration that GMAC has no standing to seek relief from stay to continue the unlawful detainer action.
2. For a declaration that the purported power of sale contained in the Deed of Trust has been rendered void and ineffective against the Subject Property.
2. For a declaration that the title to the Subject Property is quieted in Plaintiffs.
3. For a declaration that the Deed of Trust and Promissory Note are void.
4. For a declaration that the Deed of Trust is cancelled and voided.
5. For a declaration that the foreclosure was wrongful and the Trustee's Sale be set aside.
6. For a declaration that the Trustee's Deed Upon Sale is cancelled.
7. For a declaration that the title to the Subject Property be reconveyed to Plaintiffs.
8. That Defendants and each of them be permanently enjoined from evicting Plaintiffs or any attempts at dispossessing Plaintiffs of the Subject Property.
9. For a declaration that Plaintiffs are the prevailing party.
10. For attorney's fees and costs of suit incurred herein; and
11. For such other and further relief as the Court deems just and proper.

Dated: 05/27/2010

/s/ Oxana Kozlov, Esq.

Oxana Kozlov, Esq.

Attorney for Plaintiffs HIGINO S. GOMEZ III

And URDUJA GOMEZ