**Entered on Docket
November 08, 2010**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: November 05, 2010**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>HIGINO SISON GOMEZ, III, and URDUJA GABON GOMEZ,<br>        Debtors.<br>_____<br>HIGINO S. GOMEZ, III, and URDUJA GABON GOMEZ,<br>        Plaintiffs,<br>v.<br>GMAC MORTGAGE, LLC, fka GMAC MORTGAGE CORPORATION; GILBERT M. WALZ,<br>        Defendants.<br>_____ | Bankruptcy Case<br>No. 10-31184<br>Chapter 13<br><br>Adversary Proceeding<br>No. 10-3077DM |

### MEMORANDUM DECISION ON STANDING TO MAKE CREDIT BID

Defendant, GMAC Mortgage, LLC ("GMAC") has presented no evidence in its supplemental brief that it was the beneficiary of record entitled to tender a credit bid at the non-judicial sale of plaintiffs' property. Instead, it offers a "so what?" argument to the effect that plaintiffs suffered no damages because a credit bid would have been made in any event, and unless a cash bidder offered an amount in excess of GMAC's loan, there would be no surplus.

Plaintiffs correctly argue that California law is clear, viz., Civil Code § 2932.5 empowers the mortgagee or person entitled to be paid to exercise the power of sale. Thus, without demonstrating that it was that "person entitled" as of the sale date, GMAC could not cause the sale. Further, Civil Code § 2924h(b) restricts the right to make a credit bid to the "present beneficiary." See also Miller & Starr, 4 Cal Real Est. § 10.204 (3d ed.). The record does not support a basis to conclude that GMAC was able to make a credit bid, so its motion to dismiss the remaining claims for relief must be denied.

Whether plaintiffs may ultimately prove damages is not relevant in disposing of GMAC's FRBP 7012(b)(6) motion to dismiss the second amended complaint.

At the hearing on October 1, 2010, the court announced its ruling as to GMAC's alleged violation of the automatic stay. That disposes of plaintiff's First Claim for Relief insofar as GMAC is concerned; it does not deal with the allegations as to Gilbert M. Walz. This memorandum decision deals with the remaining issues in GMAC's motion. Counsel for plaintiffs should prepare, serve and upload an order granting GMAC's motion as to the First Claim for Relief and denying it as to the Second, Third, Fourth and Fifth Claims for Relief.

Mr. Walz's motion to dismiss was dropped from calendar pending the court's ruling. It will be restored to calendar, along with a status conference, on December 10, 2010. Plaintiffs' opposition to that motion is due fourteen days prior, and defendant Walz's reply is due seven days prior.

**END OF MEMORANDUM DECISION**